IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY VAUGHAN )
)
plaintiff, )
)
v. )
) **00C 2140**
JOHN TERRY, MICHAEL SALVAGGIO, ) JURY DEMANDED
REBEKAH KUGLIN, BARBARA STEELE, in )
their individual capacities, VILLAGE OF )
CARPENTERSVILLE, a municipal )
corporation, )
) **JUDGE RONALD GUZMAN**
defendants. )
)

**MAGISTRATE JUDGE LEVIN**

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to the laws of the United States, specifically 42 U.S.C. Section 1983 to redress deprivations of civil rights of the plaintiff accomplished by acts or omissions of the defendants committed under color of state law. Jurisdiction is invoked under 28 U.S.C. Section 1331 and 1343. The supplemental jurisdiction of this court is invoked for the prosecution of any state law claims.

### Parties

2. The plaintiff, GREGORY VAUGHAN at all times material hereto, was a citizen of the United States and permanent residents and citizen of the State of Illinois and the Northern District of Illinois.

3. The defendants, JOHN TERRY (TERRY), MICHAEL SALVAGGIO (SALVAGGIO), REBEKAH KUGLIN (KUGLIN), and BARBARA STEELE (STEELE) were a duly appointed police officers of the VILLAGE of CARPENTERSVILLE Police Department and

were acting in their individual capacities and under color of law. The VILLAGE of CARPENTERSVILLE, (CARPENTERSVILLE) at all times material hereto was a municipal corporation. At all times material hereto, the individual defendants owed a duty of reasonable care to the plaintiff in the performance of their duty, as well as a duty to prevent fellow officers from violating the civil rights of the plaintiff.

## COUNT I
(Sec. 1983 - Fourth Amendment Violation)

4. On or about March 6, 1995 the plaintiff was present at Foxview Apartments located at 19 Oxford, CARPENTERSVILLE, Illinois.

5. On or about this date defendants, JOHN TERRY, MICHAEL SALVAGGIO, REBEKAH KUGLIN, and BARBARA STEELE were present at 19 Oxford, CARPENTERSVILLE, Illinois.

6. At the time and date aforesaid, plaintiff was arrested by the defendants and charged with various criminal offenses.

7. At or about the time of the arrest and thereafter, plaintiff was not in violation of any of the ordinances of the village, the statutes of the State of Illinois, the statutes of the United States.

8. That at no time was there probable cause to arrest the plaintiff or charge him with any criminal offenses.

9. One or more of the defendants appeared as witnesses before the grand jury and at the criminal trial of the plaintiff and testified falsely about the events concerning the conduct of the plaintiff and the criminal offenses with which he was charged.

10. The plaintiff stood trial and was acquitted of the charges of aggravated battery upon TERRY, aggravated battery upon SALVAGGIO and battery upon SALVAGGIO ON April 8, 1998.

11. By the conduct alleged herein, the defendants deprived the plaintiff of his right to be free from unreasonable searches and seizures and not to be deprived of his rights without due process of law as secured by the Fourth Amendment to the United States Constitution.

12. Said acts, as alleged by the plaintiff and set forth herein, were committed by the defendants willfully, intentionally and maliciously, without legal justification and for the sole purpose of depriving the plaintiff of his constitutional rights under the law.

13. As a direct and proximate consequence of the conduct alleged herein, the plaintiff was required to expend time and money, suffer loss of income, emotional trauma, anguish, humiliation and insult and that all of these losses and damages may continue into the future.

WHEREFORE, plaintiff prays for relief as follows:

A. Judgment for compensatory damages in favor of the plaintiff against the defendants jointly and severally;

B. Judgment for punitive damages in favor of the plaintiff and against each of the defendants;

C. Reasonable attorneys' fees and costs.

D. Such other relief as this Court deems fit.

## COUNT II
(Section 1983 - Conspiracy)

1-13. Plaintiff incorporates paragraphs 1 through 13 of Count I by reference as paragraphs 1 through 13 of Count II as though fully set forth herein.

14. That the defendants and each of them did conspire among themselves to deprive the plaintiff of his constitutional rights, i.e., to hinder the due course of justice by engaging in a cover-up of the true circumstances of the plaintiff's arrest and by engaging in a cover-up of the falsity of the criminal charges against the plaintiff as hereinafter alleged.

15. That an explicit or implicit "meeting of the minds" occurred among each of the defendants on the date of the arrest and continuing thereafter and also on April 6, 7, 8, and 9, 1998 and continuing thereafter in which an agreement was reached wherein the defendants did engage in one or more of the following overt acts to effectuate and promote the conspiracy:

a) agreed between themselves to falsify and did falsify official reports in which the defendants stated that the plaintiff had committed the crimes of aggravated

3

        battery and resisting the arrest;

b)   agreed between themselves to give and did give false testimony to the grand jury and criminal trial of the plaintiff;

c)   agreed between themselves to give and did give false testimony in the investigation and prosecution of the plaintiff by testifying that the plaintiff had committed these crimes when they knew that he had not and that there was no probable cause to believe so;

d)   agreed between themselves to give false testimony and did give false testimony in the investigation and prosecution of the plaintiff;

e)   agreed between themselves to report and testify in either administrative or judicial proceedings that the plaintiff had resisted or battered one or more of the defendants when in fact the plaintiff never struck or battered any of the defendants;

f)   agreed between themselves at the time of the arrest of the plaintiff to cooperate with each other in and not to reveal the true circumstances of the plaintiff's arrest and criminal charges;

g)   agreed between themselves to give false testimony in the criminal prosecution of the plaintiff by filing false criminal or quasi-criminal charges against the plaintiff;

h)   agreed between themselves to charge and did charge the plaintiff with various criminal offenses when in fact the plaintiff did not commit said offenses nor was there probable cause to believe that the plaintiff committed said offenses;

i)   agreed between themselves to manufacture the criminal charges against the plaintiff;

19.   That the defendants' committed these overt acts as heretofore described with the joint objective of arresting and convicting the plaintiff, concealing their misconduct against the plaintiff, concealing the true circumstances of the plaintiff's arrest and depriving the plaintiff of his constitutional rights under the Fourth Amendment by hindering the due course of justice by engaging in a coverup of the defendants' involvement in the prosecution of the plaintiff.

20.   That it was also the joint objective and plan of the defendants from the date of arrest to the present to falsify reports and testimony and to charge and convict the plaintiff with various criminal offenses to coverup and prevent the disclosure of the defendants misconduct.

21.   That the explicit or implicit agreements of the defendants to coverup as heretofore described were first made at the time of the arrest and have continued and reoccurred to the present.

4

That all of the overt acts and agreements heretofore described have been taken by the defendants with the express purpose of and mutual understanding to deprive the plaintiff of his constitutional rights.

22. Based upon information and belief the defendants have continued to discuss the false reports and false testimony between themselves since the date of this incident in an effort to present consistently false testimony in this action in order to deprive the plaintiff of his constitutional rights as aforesaid.

WHEREFORE, plaintiff prays for relief as follows:

- A. Judgment for compensatory damages in favor of the plaintiff against the defendants jointly and severally;
- B. Judgment for punitive damages in favor of the plaintiff and against each of the defendants;
- C.
- C. Reasonable attorneys' fees and costs.
- D. Such other relief as this court deems fit.

## COUNT III

(Section 1983 - Monell Violation)

1-22. Plaintiff incorporates paragraphs 1 through 22 of Count II by reference as paragraphs 1 through 22 of Count III as though fully set forth herein.

23. Acting under color of law and pursuant to official policy or custom, the Village of CARPENTERSVILLE by its agents, supervisors and policy makers did unlawfully withhold, suppress and otherwise refused to disclose or provide information and reports that would have exonerated the plaintiff and which would have directly affected the outcome of the criminal prosecution against the plaintiff.

24. This conduct of the village was done, knowingly, intentionally and with the purpose of preventing the plaintiff from being acquitted of the criminal charges against him.

WHEREFORE, plaintiff prays for relief as follows:

5

A. Judgment for compensatory damages in favor of the plaintiff against the Village of CARPENTERSVILLE;
B. Reasonable attorneys' fees and costs.
C. Such other relief as this court deems fit.

Respectfully submitted,

_____
Gregory Vaughan, Pro Se

5616 S. Justine
Chicago, Illinois 60636
(773) 436-2167

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FILED-ED4

00 APR -7 PM 4:09

CLERK
U.S. DISTRICT COURT

In the Matter of GREGORY VAUGH v. JOHN TERRY, et al.

Case Number: 00C 2142

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE LEVIN

| (A) | (B) |
|---|---|
| SIGNATURE *Gregory Vaughn* | SIGNATURE |
| NAME Gregory Vaughn | NAME |
| FIRM Pro Se | FIRM |
| STREET ADDRESS 5616 S. Justine | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60636 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (773) 436-2167 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) N/A | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ N/A | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ N/A | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GREGORY VAUGHN

## DEFENDANTS
JOHN TERRY, et al.

00C 2142

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

JUDGE RONALD GUZMAN

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ProSe
Gregory Vaughn
5616 S. Justine
Chicago, Illinois 60636

MAGISTRATE JUDGE LEVIN

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

2 USCSec. 1983

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 4-7-00

SIGNATURE OF ATTORNEY OF RECORD
*Gregory Vaughn*

UNITED STATES DISTRICT COURT